law Revision

IN THE SUPERIOR COURT OF GUAM

DEANNA CAROL LEON GUERRERO,  )   CIVIL CASE NO. CV0466-10
                             )
        Plaintiff,           )
                             )
    vs.                      )   DECISION & ORDER
                             )
KENNETH JOSE LEON GUERRERO,  )
                             )
        Defendant.           )
                             )

This matter came before the HONORABLE VERNON P. PEREZ on November 9, 2012 on Plaintiff's Motion to Enforce Stipulated Judgment. Attorney Michael J. Berman represented Plaintiff. Attorney Daniel S. Somerfleck represented Defendant. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises out of the marriage and divorce of Kenneth Leon Guerrero (hereinafter "Defendant") and Deanna Leon Guerrero (hereinafter "Plaintiff"). The Parties entered into divorce proceedings in the Courts of Hawaii. On December 29, 2003, a divorce decree was issued regarding educational expenses, medical and dental expenses, and attorney's fees. Plaintiff brought this action to collect from missed payments by Defendant under the Decree Granting Absolute Divorce and Awarding Child Custody. The Parties entered into a Stipulated Judgment on April 5, 2012. Now, Plaintiff moves to enforce some of the specific terms within the Stipulated Judgment relating to alimony.

## DISCUSSION

In her Motion to Enforce Stipulated Judgment, Plaintiff requests that Defendant continue to make monthly payments of half his income. Parties who were husband and wife entered into a stipulated judgment regarding Defendant's obligations to arrears and alimony. The Defendant acknowledges that he has not paid, but argues that he has not obtained a successor employer. Plaintiff now moves the Court to enforce the stipulated judgment. Plaintiff argues that

Defendant has been self-employed with Kindo Electric and his salary should be used to satisfy the judgment. It is clear that no alimony is being paid to Plaintiff and her motion is warranted.

The Court concludes that the Stipulated Judgment has all the makings of a contract. The Court must follow Guam contract law in order to enforce the judgment. The Guam Supreme Court touched on contract interpretation in *Wasson v. Berg*, 2007 Guam 16.

> ...our jurisdiction is in the majority that adheres to the traditional approach. *See Takagi & Assocs., Inc. v.. Int'l Ins. Underwriters*, 2006 Guam 4 ¶ 23 ("Therefore, since the four corners of the contract address the situation in which a commission is returned, there was no need to look to industry practice or custom, or any other extrinsic evidence and the lower court erred."); *Guam United Warehouse Corp. v. DeWitt Transp. Servs.*, 2003 Guam 20 ¶ 24 ("[W]e 'look to the ... four corners to determine the parties' intentions, which are controlling.'... 'If the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contracts meaning, and a court determines the parties intentions from the plain meaning of the contractual language as a matter of law.' ") (internal citations omitted); *Natl Union Fire Ins. Co. of Pittsburgh, Pa. v. Guam Hous. & Urban Renewal Auth.*, 2003 Guam 19 ¶ 36 n. 17 ("We are merely required to interpret the contract as written, in light of the plain language and the reasonable expectations of the insured."). *Wasson v. Berg*, 2007 Guam 16 ¶ 16.

The Court will review the four corners of the Stipulated Judgment as it finds the instrument to be unambiguous and no outside evidence will be used to interpret the disputed terms.

Clearly, the Stipulated Judgment requires that Defendant pay alimony. While the terms are not as specific as the Court would like, they are, as stated earlier, unambiguous. The Court interprets the terms within the Stipulated Judgment to anticipate a change in job as indicated by the "or any other successor employer" language. Stipulated Judgment ¶12. The Stipulated Judgment does not appear to discuss the event where Defendant fails to earn a sufficient living that would permit substantial alimony payments. The Stipulated Judgment does not address the potential event that Defendant has no occupation and has no income. Yet, those facts are not

before the Court. The fact is Defendant does continue to earn a living and the Stipulated Judgment continues to place a legal obligation on Defendant to make alimony payments.

The only provision of the Stipulated Judgment that will allow Defendant to discontinue paying half of his monthly earnings is section (b)(ii) of paragraph 3. Once, Defendant retires and pays half of his pension, he will no longer be obligated to pay half of his earnings. Stipulated Judgment at ¶3(b)(iii). The Court does understand that Kindo Electric existed at the time of the Stipulated Judgment and was not included in the terms of the Judgment. Yet, the Court is unable to conclude that Defendant was able to stop all alimony payments when he no longer worked for Verizon.

The Court finds that the increased efforts and production at Kindo Electric equates to successor employment. While not working for Verizon, Defendant is able to bring added efforts to his self-employment. Those added man hours and attention most likely produce added income and production from Kindo Electric. Thus, while Defendant no longer works with Verizon, he is able to make Kindo Electric more valuable. The Court interprets the Stipulated Judgment to include all successor employment and self-employment is a form of employment. Defendant must continue to pay half of his monthly income to Plaintiff for the remainder of her life or until Defendant retires.

The Court does appreciate that Defendant may not be earning enough to support himself and make alimony payments. The Court invites the Parties to negotiate an amended judgment that lays out specific payments and anticipates months where Defendant's income is insufficient or non-existent. The Court believes that a change in circumstance may warrant mutual assent to alter some of the terms of the Stipulated Judgment. As it stands, the Court is unable to specify an exact alimony amount as the Stipulated Judgment was found to be proper by the Court on April 5, 2012 and controls. Defendant signed the agreement and that Judgment does not give the Court an opportunity to conclude what specific amounts Defendant should pay in alimony depending on his financial situation. The Stipulated Judgment only presents the Court with the ability to enforce payments of half Defendant's monthly earnings.

## CONCLUSION

The Plaintiff's Motion to Enforce Stipulated Judgment is hereby GRANTED. Defendant must perform to the best of his ability and make payments to Plaintiff, on a monthly basis, of half his monthly income.

So ORDERED this 3rd day of January, 2013.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify ... the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JAN 3 2013

Therese M. Blas
Deputy Clerk, Superior Court of Guam

//

//

//

//

//

*Leon Guerrero v. Leon Guerrero,*
Decision and Order
Civil Case No. CV0466-10                - Page 4 of 4 -